Curia, per
Caldwell, Ch.
While we are not inclined to disturb the principle that “ a mistake of law is a ground of relief from the obligations of a contract, by which one party acquired nothing, and the other party neither parted with any right, nor suffered any loss, and which ex equo et bono, ought not to be binding,” we cannot perceive the propriety of applying it to the case under consideration. The contracts in the cases of Lowndes v. Chisholm and of Lawrence v. Beaubien, in which this principle was recognized, were exe- *180 cutory, and the plaintiff applied for relief in the former, and defendant relied on this ground of defence in the latter case, before the contracts were executed; in this respect they materially differ from this case; and the question is, shall the principle be extended to executed contracts ? Where neither payment has been made of the purchase money by the one party, or possession given by the other, a defect in the title to the land bargained and sold, has always been held a good ground to resist the specific performance of the contract, or to entitle the purchaser to an abatement of the price pro tanto, or to a rescisión of the contract. The warranty of a deed conveying the land would often be an insufficient indemnity for the purchase money if the vendee complied with his contract and was afterwards compelled to give up possession to an outstanding paramount title; but if a party, notwithstanding his being informed of the defect, should persist in the completion of his contract, pay the purchase money, accept a deed and take possession of the land, he will then be left to his legal remedy in the covenants of his deed, and Equity will not re^eve ^121, Even in executory contracts a purchaser may do acts that amount to a waiver of his right to raise objections to the title, and may be compelled to take such title as the ven-^01' can ma^ej without enquiry as to its validity. A bill for the rescisión of an executed contract stands upon a very different footing from one either for the rescisión or for the spe-cjft0 performance of an executory contract; for it by no means follows that in every case where the purchaser might resist the payment of the purchase money, he would be entitled, after ¿aving taken possession of the land, to rescind an execute(i contract, and recover the purchase money which he had paid. I can find no case in which this Court has entertained a bill to rescind a contract, (except on the ground of fraud,) where the parties have executed it, leaving nothing in fieri, and the purchaser is in the quiet enjoyment of the land— Urmston v. Pate bears a strong resemblance to this case in several points; there William Davy devised the estate in question to Sir Robert Ladbroke and Lyde Brown as tenants in common in fee, and the residue of his real estate to his brother William Pate, in fee; Sir Robert Ladbroke died in testator’s lifetime; and afterwards, Wm. Pate, the residuary devisee, died, after devising his estate to Robert Pate, who thought himself entitled to the moiety devised to Sir Robert Ladbroke, which had lapsed by his death, and (as he supposed) had passed to the residuary devisee, as in cases of personal property; and he accordingly joined with the persons entitled to the moiety devised to Lyde Brown in selling the estate to the plaintiff. The conveyance recited the will of William Davy, and all the subsequent instruments; and a covenant was inserted for the title notwithstanding any act done by *181 Robert Pate or his ancestors, or any claiming under him or them. After the contract was completed, the purchaser discovered that Robert Pate had no title to the moiety over which he had assumed a power of disposition, but that it had descended to the heir at law of William Davy, which important point had been overlooked by the counsel of the purchaser, who must have misapprehended the law; and it is clear that his client must have bargained on his mistake; the purchaser filed his bill praying that the purchase money might be restored to him, to which the defendant Robert Pate demurred for the want of equity, and the demurrer was sustained. In that case there was as clearly a mistake in law as in the present case, but the circumstances there constituted a much stronger ground for relief than they do here; there, the heirs at law of the testator had a permanent title to a moiety of the land at the filing of the plaintiff’s bill, but here the contingency may never happen upon which the title of the purchaser may be defeated. Although contracts have been rescinded on the ground of mistake, it was said in Whitworth v. Stuckey that “ they are not rescinded on the ground of mistake in relation to an outstanding title, when there has been no eviction of the purchaser; and it would seem, that he would be much less entitled to a rescisión when he was not liable to an eviction.”
Margravine of Noel 1 Mad Ch. Reps. 318] Burroughs v. Saund. 170 Fleetwood v. Green, 15 Ves. 596. Plainer, l ’ John.C.R.219. Abbott v. Allen John C. R. 523.
Sug. on Vend 346. 3 Vesey, 235. 4 Com.’Dig.
Vanlew v. Parr et al. Rich Eq-321.
E. J. 140.
The difficulty in affording the plaintiff relief is greatly increased by there not only being now no breach of the covenants of the deed, but by the contingency that there never may be; his future right to recover damages depends upon Mrs. Washington’s dying leaving issue; if this event never happens he will have no ground of complaint.
This case cannot be assimilated to a bill quia timet, as it is impossible to bring the parties who may hereafter have the paramount title, now, before the Court; there is no one who can represent the children that may hereafter be born and take under the will, and to apply a remedy to such a case, would be extending the doctrine of precautionary justice beyond all precedent. This remedy appears to have been adopted in this Court for the protection of equitable rights, in analogy to certain writs used at common law, whose objects were of a similar nature. “ In regard to legal property,” says Justice Story, “it is obvious that where the right of enjoyment is present, the legal remedies will be found sufficient for the protection and vindication of that right, but where the right is future or contingent, the party entitled is often without any adequate remedy at law for any injury which he may in the meantime sustain by the loss, destruction or deterioration of the property in the hands of the party who is entitled to the present possession to it.” Here, however, the purchaser has the quiet enjoyment of the land, in which he may never be interrupted ; but if that contingency should occur, there will be *182 a plain and adequate remedy at law against the vendor for kreach 0f hjs C0Venant; and the possibility or even probability of his being unable to pay the damages at a future time, cannot create such an equity in favor of the plaintiff as to bring his case within the principles of a bill quia timet. Wherever the purchaser anticipates the insolvency of the vendor he may stipulate for sureties to the warranty, but where he takes possession of the land, pays the purchase money, accepts a deed of conveyance, and executes the contract, he cannot call upon equity, except upon the ground of fraud, to rescind it, but must rely upon the covenants of his deed for redress.
It is therefore ordered and decreed, that the appeal be dismissed and the Circuit decree be affirmed.
JohnstoN and Dunkin', CC. concurred.
Dargan, Ch. absent at the hearing.

Decree affirmed.